446 A.2d 1341

**Sylvia and Theodore OSTROFF, Individually and as Administrators of the Estate of Marlene Ostroff, Deceased**

**v.**

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1981.

Filed June 18, 1982.

74

John G. Jenemann, Philadelphia, for appellant.

Jerome M. Dubyn, Philadelphia, for appellees.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellees filed a petition to compel arbitration pursuant to an uninsured motorist provision of an insurance contract. The petition averred that appellees' daughter was killed in an automobile accident and the responsible operator was only insured for $15,000. Appellant filed an Answer and New Matter denying that decedent had underinsured coverage. Petitioners filed a reply arguing that the coverage was a question of law to be decided by the arbitrators and that such arbitration was required under the arbitration clause in the insurance contract. Without conducting a hearing, the lower court directed appellant to appoint an arbitrator. This appeal followed.

This court, sitting en banc, recently held that such a claim under an uninsured motorist provision, should not proceed to

arbitration. *White v. Concord Mutual Ins. Co.*, 296 Pa.Superior Ct. 171, 442 A.2d 713 (1982). However, this current case is different in one important aspect. The arbitration provision under review provides for arbitration of disputes involving an underinsured motorist as well as an uninsured one. The issue is not whether a party may recover from his own carrier's uninsured provision when the responsible party's coverage proves to be inadequate. Instead, the question is whether he had underinsured coverage. That issue is to be resolved by arbitration. *Compare White*, 296 Pa.Superior Ct. 178, 442 A.2d at 716.

Order of the lower court is affirmed.